**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1885-17T3

F.N.,

      Plaintiff-Respondent,

v.

A.S.,

      Defendant-Appellant.

_____

Submitted December 18, 2018 – Decided January 17, 2019

Before Judges Hoffman and Firko.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-0596-17.

A.S., appellant pro se.

Respondent has not filed a brief.

PER CURIAM

Defendant A.S. appeals from a portion of a final judgment of divorce (FJD) awarding plaintiff F.N. $12,432.56 in counsel fees. We affirm.

The parties were married in May 2012, but only lived together for approximately two months due to allegations of domestic violence. No children were born of the marriage, and the parties acquired no assets or debts that were subject to equitable distribution. In July 2015, plaintiff was involved in a serious vehicular accident rendering him comatose. Due to his incapacity, a prior judge appointed plaintiff's brother, A.A., as his legal guardian.[1] A.A. filed a complaint for divorce on behalf of plaintiff in September 2016. By that time, the parties had been separated for over four years.

Although both parties were represented by counsel, defendant did not provide discovery or participate in the pre-trial proceedings, and she failed to appear for trial on October 4, 2017. The trial judge duly suppressed defendant's answer and counterclaim that day and entered default against her. In order to provide proper notice to defendant as required by Rule 5:5-10, the trial judge scheduled a default hearing for November 15, 2017.[2]

---

[1] Plaintiff's brother filed a letter of non-participation relative to this appeal.

[2] In relevant part, Rule 5:5-10 provides:

> In those cases where equitable distribution, alimony, child support and other relief are sought and a default has been entered, the plaintiff shall file and serve on the defaulting party, in accordance with R[ule] 1:5-2, a

Defendant appeared at the default hearing and her attorney participated telephonically. She asked the trial judge for permission to proceed as a self-represented litigant and her attorney asked to be relieved as her counsel because of her lack of cooperation in these proceedings. Both applications were granted.

In her oral decision relative to the issue of counsel fees, the trial judge considered the factors under Rule 5:3-5(c): (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award. The amount sought by plaintiff for counsel fees was $18,000.

---

Notice of Proposed Final Judgment ("Notice"), not less than [twenty] days prior to the hearing date. The Notice shall include the proposed trial date, a statement of the value of each asset and the amount of each debt sought to be distributed and a proposal for distribution, [and] a statement as to whether plaintiff is seeking alimony . . . .

The judge determined that the "facts in the case are quite egregious[,]" because the parties resided together for less than two months, defendant failed to comply with discovery for over a year, and she did not file written opposition to plaintiff's notice of proposed final judgment. Specifically, the trial judge noted that plaintiff has been comatose for two years, and despite the efforts of an early settlement panel and counsel, no resolution was reached, notwithstanding the limited issues in this short-term marriage. The judge found the results "favorable to plaintiff" as to alimony and equitable distribution, and that defendant asserted a right to these claims even though "not a scintilla of proof" was presented by her. At the first case management conference, the judge recalled urging a resolution. Additionally, the trial judge considered the hourly rate of $395 charged by plaintiff's counsel, and found same to be reasonable in light of her thirty-two years of legal experience.

The trial judge determined that defendant's litigation conduct was unreasonable, at times not advanced in good faith, and caused plaintiff to incur fees unnecessarily because defendant took "a very unreasonable position," and failed to assist her attorney in resolving the matter. On appeal, defendant argues that the trial judge abused her discretion because the award of counsel fees violates defendant's constitutional rights, and the court's factual findings do not

A-1885-17T3

comport with N.J.S.A. 2A:34-23 and Rule 5:3-5(c). We disagree and affirm the November 15, 2017 FJD for the reasons stated in the trial judge's well-reasoned oral opinion. We offer the following brief comments.

The decision to award counsel fees "rests in the discretion of the trial court," Addesa v. Addesa, 392 N.J. Super. 58, 78 (App. Div. 2007) (citing R. 5:3-5(c)), and will be disturbed "only on the 'rarest occasion,' and then only because of clear abuse of discretion." Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). In determining whether a judge exercised reasonable discretion, we consider whether the "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

With respect to a court's factual findings, reversal is warranted only when those findings are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Allstate Ins. Co. v. Northfield Med. Ctr., PC, 228 N.J. 596, 619 (2017) (quoting Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015)). However, a court's "interpretation of the law and the legal consequences that

flow from established facts are not entitled to any special deference." Manalapan Realty v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Defendant argues that the award of counsel fees also violates N.J.S.A. 2A:34-23, which provides:

> The court may order one party to pay . . . [for the] legal services when the respective financial circumstances of the parties make the award reasonable and just. In considering an application, the court shall review the financial capacity of each party to conduct the litigation and the criteria for award of counsel fees that are then pertinent as set forth by court rule . . . . and shall consider the factors set forth in the court rule on counsel fees, the financial circumstances of the parties, and the good or bad faith of either party.
>
> [N.J.S.A. 2A:34-23 (emphasis added).]

The judge stated the support for her decision to award counsel fees, and that it was not necessary for her to "specifically enumerat[e] every factor." Reese v. Weis, 430 N.J. Super. 552, 586 (App. Div. 2013). Saliently, the judge duly considered that defendant did not contribute to plaintiff's exorbitant medical expenses and she has no obligation to do so in the future when considering the counsel fee award.

We now turn our focus to the bad faith aspect of this case. Defendant claims there was no "bad faith" in this case on her part, and that she only earns four dollars per hour, creating a financial hardship for her to pay the award. In

6

contrast, plaintiff has not earned anything since his catastrophic accident and he remains incapacitated.

For purposes of awarding counsel fees, bad faith relates to the party's conduct during the litigation. Mani v. Mani, 183 N.J. 70, 95 (2005) (citing Yueh v. Yueh, 329 N.J. Super. 447, 460-61 (App. Div. 2000)). The purpose of an award of fees against a bad faith litigant "is to protect the innocent party from unnecessary costs . . . ." Yueh, 329 N.J. Super. at 461 (citing Kelly v. Kelly, 262 N.J. Super. 303, 307 (Ch. Div. 1992)).

As to the court's finding that defendant acted in bad faith, the record confirms that she was uncooperative with her attorney by failing to provide him with answers to interrogatories and discovery responses despite being granted an extension of time, and she failed to appear for the October 2017 trial date. Indeed, her counsel stated on the record at the hearing that "it's been rough since day one with her." Prior to the trial date, defendant's former counsel asked plaintiff's counsel to prepare a property settlement agreement and she obliged. Defendant refused to sign it. At the hearing, plaintiff's counsel stated that the "full" property settlement agreement she prepared "basically" stated the terms the court ordered at the final hearing. Defendant blamed her absence from trial on her purported "depression" and "back strain," yet she never provided

evidence of these conditions to the trial judge. The judge properly found, "that the time to present these issues [was] during discovery." She admonished defendant for "wasting everyone's time." Further, the judge found that defendant did not incur any expenses for plaintiff's medical care because nothing was listed in defendant's matrimonial case information statement as to this issue, and no such evidence was presented at the default hearing.

As part of her appellate appendix, defendant submitted unauthenticated medical records from Care Point Health dated August 22, 2017 stating a diagnosis of "strain of muscle, fascia and tendon of lower back." The records also indicate she was "released from care" and was authorized to "return to regular duty on 9/15/2017," which was three weeks prior to the October 4 trial date. This matter was pending for fourteen months, thus providing defendant with ample opportunity to present her health issues and medical records to the court. Therefore, it is inappropriate for this court to consider defendant's argument or her medical records on appeal when same were not submitted to the trial judge.[3]

---

[3] R. 2:5-4 (a). Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 2:4-5(a)(2019) ("It is, of course, clear that in their review the appellate courts will not ordinarily consider evidentiary material which is not in the record below by way of adduced proof, judicially noticeable facts, stipulation, admission or reordered proffer to excluded evidence.").

Further, the trial judge made a credibility finding that defendant was not trustworthy, and did not "take [her] on [her] word." As noted by the judge, defendant should have presented her medical issues during the discovery process, but she was non-compliant with discovery orders, thus defeating her own argument. No adjournment request of the trial date was made, and defendant did not respond to several telephone calls from her attorney seeking to confirm her whereabouts on the day of trial. The judge's Rule 5:3-5(c) analysis supports the award of approximately two-thirds of the plaintiff's requested counsel fee, and is neither arbitrary nor manifestly unreasonable. Defendant's claim that the trial judge failed to conduct a proper analysis under N.J.S.A. 2A:34-23 is equally without merit.

To the extent we have not directly addressed the balance of defendant's arguments, we find them to lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1885-17T3